UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT JEVARJIAN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NOS. |
| | : | 3:06-cv-01666 (VLB) |
| FIDELITY NATIONAL TITLE INS. CO. | : | 3:07-cv-00091 (VLB) |
| ET AL., | : | |
| Defendants. | : | August 28, 2007 |

## MEMORANDUM OF DECISION ON PENDING MOTIONS AND ORDER TO CONSOLIDATE CASES

Presently before the Court are three motions in docket no. 3:06-cv-01666 (VLB). For the reasons given below, it is hereby ORDERED that the motion to remand [Doc. #12] is DENIED; the motion to dismiss the defendant Susan Maria [Doc. #19] is GRANTED; and the motion for attorney's fees [Doc. #22] is DENIED. It is further ORDERED that docket no. 3:06-cv-01666 be consolidated with docket no. 3:07-cv-00091 and that all future filings in both cases be made under docket no. 3:06-cv-01666 (VLB).

These two cases arise from the same set of facts. The plaintiff, Robert Jevarjian, was terminated from his employment with the named defendant, Fidelity National Title Insurance Co. ("Fidelity"), acting through his supervisor, Susan Maria, who is the other defendant in these cases. Jevarjian filed his first case against Fidelity and Maria in Connecticut Superior Court, claiming that his termination violated the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. Thereafter, Jevarjian filed his second case

against Fidelity and Maria in this Court, claiming that his termination violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

Fidelity and Maria removed the first case to this Court, grounding jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Fidelity is a California corporation with a principal place of business in Florida. Jevarjian and Maria, however, are both citizens of Connecticut. Therefore, Jevarjian's first case does not satisfy the complete diversity rule of Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), which provides that diversity jurisdiction exists only when all plaintiffs are citizens of different states from all defendants. Despite the absence of complete diversity, Fidelity and Maria asserted in their notice of removal that Maria had been fraudulently joined as a defendant because individuals cannot be sued under the CFEPA. "The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Briarpatch, Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004). Fidelity and Maria therefore argued that Jevarjian's first case was properly removable. In response, Jevarjian filed a motion to remand his first case to Connecticut Superior Court, arguing that Maria is a proper defendant because individuals can be sued under the CFEPA. [Doc. #12]

After filing that motion to remand, Jevarjian filed his second case in this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 because of his ADEA and ADA claims. Fidelity and Maria then filed a motion to dismiss Maria as a defendant in both cases pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. #19] In their memorandum in support of the motion to dismiss, Fidelity and Maria argued that individuals cannot be sued under the ADEA, ADA, and CFEPA. Fidelity and Maria also sought an award of attorney's fees, claiming that Jevarjian's decision to name Maria as a defendant was unreasonable and frivolous. [Doc. #22]

In considering the three pending motions, the central issue is whether Jevarjian properly named Maria as a defendant in both cases. It is well settled that individuals cannot be sued under the ADEA, ADA, and CFEPA. "ADA, Title VII, and ADEA statutes are very similar and [c]ourts routinely apply arguments regarding individual liability to all three statutes interchangeably." Kennedy v. St. Francis Hosp., 225 F. Supp. 2d 128, 144 n.21 (D. Conn. 2002) (quoting EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1279-80 (7th Cir. 1995). "Title VII and CFEPA claims are not cognizable against individuals. See Schiano v. Quality Payroll Sys., 445 F.3d 597, 608 (2d Cir. 2006) ("[A]n individual defendant cannot be held personally liable under Title VII.") (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313-14 (2d Cir. 1995)); Edwards v. New Opportunities, Inc., No. 05CV1238 (JCH), 2006 WL 1668020, at *3, 2006 U.S. Dist. LEXIS 40121, at *11-12 (D. Conn. June 16, 2006) ("Title VII permits a plaintiff to sue her employer, but not individual

3

supervisors or other employees. . . . Similarly, the Connecticut Supreme Court has found that there is no individual liability under the parallel provision of the CFEPA.") (citing Perodeau v. City of Hartford, 259 Conn. 729, 792 A.2d 752 (2002))."[1] Vaden v. Lantz, 459 F. Supp. 2d 149, 153 n.3 (D. Conn. 2006). In the present cases, the motion to dismiss Maria as a defendant in both cases [Doc. #19] is accordingly GRANTED. Because the dismissal of Maria results in complete diversity in the first case, Jevarjian's motion to remand the first case [Doc. #12] is DENIED.

The Court next turns to Fidelity's and Maria's motion for attorney's fees. Fidelity and Maria argue that they are entitled to attorney's fees because they informed Jevarjian that the preclusion of individual liability under the ADA, ADEA, and CFEPA is an established precedent, and yet Jevarjian failed to move to dismiss Maria voluntarily. In federal discrimination cases, attorney's fees "should be awarded to prevailing defendants only when the plaintiff's claim was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so. . . . Application of this standard is entrusted to the discretion of the district court . . . ." Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2d Cir. 2001).

---

[1] Perodeau held that individuals cannot be sued under Conn. Gen. Stat. § 46a-60(a)(1) of the CFEPA but noted that individual liability is available for retaliation claims under Conn. Gen. Stat. § 46a-60(a)(4), which is also part of the CFEPA. Perodeau, 259 Conn. at 737-38. In the present cases, Jevarjian's complaints do not allege that Maria retaliated against him, and, therefore, § 46a-60(a)(4) does not apply to these cases.

Although the preclusion of individual liability under the ADA, ADEA, and CFEPA is an established precedent, the Court disagrees with Fidelity and Maria that advocating against an established precedent is necessarily frivolous and unreasonable. There is a legitimate argument to be made in favor of individual liability under the federal discrimination statutes on statutory construction grounds. For example, the late Judge Fred Parker of the United States Court of Appeals for the Second Circuit made such an argument in his dissenting opinion in <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1318-24 (2d Cir. 1995) (F. Parker, J., dissenting), which Jevarjian cited. That argument does not represent the current state of the law, but it is not necessarily frivolous and unreasonable to raise it again. Fidelity's and Maria's motion for attorney's fees [Doc. #22] is accordingly DENIED.

Finally, the Court considers whether to consolidate these cases. Fed. R. Civ. P. 42(a) provides: "When actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . . ." "A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) sua sponte. . . . The Rule should be prudently employed as a valuable and important tool of judicial administration . . . invoked to expedite trial and eliminate unnecessary repetition and confusion . . . . In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." <u>Devlin v. Transportation Communications Int'l Union</u>, 175 F.3d 121, 130 (2d Cir. 1999). Because the

5

present cases involve the same set of facts and common questions of law, they are ORDERED consolidated.

The motion to remand [Doc. #12] is DENIED. The motion to dismiss Susan Maria as a defendant in both cases [Doc. #19] is GRANTED. The motion for attorney's fees [Doc. #22] is DENIED. The Clerk is directed to consolidate docket nos. 3:06-cv-01666 (VLB) and 3:07-cv-00091 (VLB) under docket no. 3:06-cv-01666 (VLB).

                                           IT IS SO ORDERED.

                                       /s/
                                     Vanessa L. Bryant
                                     United States District Judge

Dated at Hartford, Connecticut: August 28, 2007.